UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHILLIP MADISON,

        Plaintiff,                    Case No. 1:12-cv-421

v.                                         Honorable Robert J. Jonker

CORIZON CORP. et al.,

        Defendants.

_____/

## ORDER OF TRANSFER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Charles Egeler Reception and Guidance Center, though the actions about which he complains occurred while he was housed at the Saginaw Correctional Facility (SRF). Plaintiff sues Corizon Corp., SRF, and the following SRF employees: Warden Lloyd Rapelje, Dr. (unknown) Kendulski, Physician's Assistant (unknown) Buskirk, and Corrections Officer (unknown) Williams. In his *pro se* complaint, Plaintiff alleges that Defendants denied him necessary medical treatment following a fall caused by Defendant Williams.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred at SRF, which is located in Saginaw County, and the action therefore arose in that county. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). Saginaw County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). The individual Defendants are

public officials serving in Saginaw County, and they "reside" in that county for purposes of venue over a suit challenging official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Corizon Corp. is a company with its principal place of business in Tennessee that contracts with the State of Michigan to provide medical services to the state prisons.  It therefore is subject to venue in either district of this state.  *See* 28 U.S.C. § 1391(d).  Under these circumstances, for the convenience of parties and witnesses and in the interest of justice, the action is more properly brought in the Eastern District of Michigan.  *See* 28 U.S.C. § 1404(a).  Therefore:

        IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).  **It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**


Dated:  May 25, 2012                               /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge