UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP MADISON, JR., #182204,

       Plaintiff,

CASE NO. 2:12-CV-12325

v.

HONORABLE STEPHEN J. MURPHY

CORIZON CORP., et al.,

       Defendants.
                                           /

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Phillip Madison Jr. ("Plaintiff"), currently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, alleges that he was denied timely and proper medical care in 2011 while confined at the Saginaw Correctional Facility in Freeland, Michigan. He names Corizon Corporation, Dr. Kendulski, Physician's Assistant Buskirk, Warden Lloyd Rapelje, and Corrections Officer Williams as defendants. He seeks injunctive relief, as well as compensatory and punitive damages. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

**II. DISCUSSION**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly,* 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, "fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A pro se civil rights complaint is to be liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Despite this liberal pleading standard, the Court finds that a portion of the complaint is subject to summary dismissal.  Specifically, the claims against defendants Corizon Corporation and Warden Lloyd Rapelje must be dismissed.  Plaintiff has failed to allege facts demonstrating the personal involvement of those defendants in the alleged delay and/or denial of proper medical care.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with respect to defendants Corizon Corporation and Warden Rapelje.  Any assertion that those defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying complaints, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Plaintiff has also not alleged facts showing that any injury he suffered is the result of any policy or regulation, or that any improper

conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). The claims against defendants Corizon Corporation and Warden Rapelje must therefore be dismissed.

Having reviewed the complaint and given the pleading standard for pro se actions, the Court finds that the claims against defendants Dr. Kendulski, Physician's Assistant Buskirk, and Corrections Officer Williams for the delay and/or denial of medical care are not subject to summary dismissal. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While Plaintiff may or may not ultimately prevail in this action, he has pled sufficient facts to state a claim. Service of the medical care claims upon defendants Dr. Kendulski, Physician's Assistant Buskirk, and Corrections Officer Williams is therefore appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Corizon Corporation and Warden Lloyd Rapelje. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against those defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that the medical care claims against defendants Dr. Kendulski, Physician's Assistant Buskirk, and Corrections Officer Williams are not subject to summary dismissal. Accordingly, the Court **DIRECTS** Plaintiff to provide the Court with **three (3) copies** of the complaint within **30 Days** of the filing date of this order so that service may be effectuated

upon those defendants.  The Court shall provide Plaintiff with one copy of the complaint to assist him.  That copy should be returned to the Court with the additional copies.  Failure to comply with this order may result in dismissal of the complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 26, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

5